UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:07-CV-351-TBR

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 89 | PLAINTIFF |
| | COUNTERCLAIM DEFENDANT |
| v. | |
| THE KROGER CO. | DEFENDANT |
| | COUNTERCLAIMANT |
| v. | |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS | COUNTERCLAIM DEFENDANT |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant's Motion for Entry of Partial Judgment Under Rule 54(b) (Docket #84). Plaintiff has responded (Docket #87). Defendant has replied (Docket #89). Plaintiff has filed a sur-reply (Docket #90). This matter is now ripe for adjudication. For the reasons that follow, Defendant's motion is GRANTED.

**BACKGROUND**

Teamsters Local Union No. 89 ("Local 89") filed the present action against The Kroger Company ("Kroger") to compel arbitration pursuant to a collective bargaining agreement executed between the parties. Kroger filed counterclaims against Local 89 for breach of the collective bargaining agreement and violations of the secondary boycott law.

On March 27, 2009, the Court considered multiple interrelated motions for summary judgment filed by the parties. The Court determined that jurisdiction was proper under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The Court granted partial summary judgment in favor of Local 89 and compelled arbitration of all the claims

alleged in Local 89's complaint. The Court denied Kroger's motion for summary judgment, but allowed Kroger to proceed on its secondary boycott counterclaim.

Kroger now moves the Court to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

## STANDARD

Federal Rule of Civil Procedure 54(b) permits courts dealing with multiple claims or multiple parties to direct the entry of a final judgment as to fewer than all of the claims or parties. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 2 (1980). An entry of final judgment is available under Rule 54(b) based on two independent findings. *See Gen. Acquisition, Inc. v. GenCorp Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). First, the court must determine that it is dealing with a "final judgment." *Id.*; *Curtiss-Wright*, 446 U.S. at 7. Second, the court must "expressly determine[ ] that there is no just reason for delay." Fed. R. Civ. Pro. 54(b); *Gen. Acquisition*, 23 F.3d at 1026. Ultimately, a district court has "sound judicial discretion" in which to determine whether an entry of final judgment is appropriate. *Curtiss-Wright*, 446 U.S. at 8.

## DISCUSSION

**I.     Final Judgment**

A "final judgment" consists of a "cognizable claim for relief" that is "an ultimate disposition of an individual claim entered in the course of a multiple claim action." *Curtiss-Wright*, 446 U.S. at 7. "[T]he concept of 'claim' under Rule 54(b) denotes 'the aggregate of operative facts which give rise to a right enforceable in the courts.'" *Gencorp*, 23 F.3d at 1028 (citing *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 192 (6th Cir. 1978)). If

multiple claims share a common factual background, then they should be considered a single "claim" for the purposes of Rule 54(b), "even if different theories of liability may have been asserted." *Id.*

Local 89 argues that, under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16, the Court's order compelling arbitration is non-final because it does not dispose of the entire case on the merits. Kroger replies that the LMRA, not the FAA, governs the finality issue. Kroger argues that under the LMRA, the Court's order compelling arbitration is final and appealable pursuant to 28 U.S.C. § 1291.

Essentially, the parties contend that the finality of the Court's order differs depending on whether Local 89 sought to compel arbitration pursuant to the FAA or the LMRA. Local 89's complaint plead jurisdiction under both the FAA and LMRA. However, as neither party addressed the FAA in their motions for summary judgment, the Court reached its decision on the merits of Local 89's motion for summary judgment solely on the basis of the LMRA.

Under the FAA, an appeal may be taken from "a final decision with respect to an arbitration that is subject to this title." 9 U.S.C. § 16(a)(3). A final decision is "a decision that 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'" *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 85 (2000) (internal citations omitted). Thus, where the district court "has ordered the parties to proceed to arbitration, and dismissed all the claims before it, that decision is 'final' within the meaning of § 16(a)(3), and therefore appealable." *Id.* at 89.

Under the LMRA, "[t]he Supreme Court has explicitly ruled that a decree . . . ordering enforcement of an arbitration provision in a collective bargaining agreement is a final decision."

*Int'l Union, United Auto. Aerospace & Agr. Implement Workers of Am. v. United Screw & Bolt Corp.*, 941 F.2d 466, 472 (6th Cir. 1991) (citing *Goodall-Sanford v. United Textile Workers of Am.*, 353 U.S. 550, 551 (1957)). However, in so ruling, the Supreme Court stated that its decision was based on the fact the district court's order compelling arbitration was "not merely a step in judicial enforcement of a claim nor auxiliary to a main proceeding, but the full relief sought." *Goodall-Sanford*, 353 U.S. at 551.

The Court fails to see the difference between requiring an end to the litigation on the merits for an order to be final under the FAA and requiring a resolution of the full relief sought for an order to be final under the LMRA. It is not the case, as Kroger suggests, that an order to compel arbitration under the LMRA is always a final order. *See Int'l Ass'n of Machinists & Aerospace Workers Local Lodge 2121 AFL-CIO v. Goodrich Corp.*, 410 F.3d 204, 208 (5th Cir. 2005). Thus, whether or not the Court's order compelling arbitration is a final judgment within the meaning of Rule 54(b) turns on whether it is an ultimate disposition of the case.

Local 89 argues that the Court's order compelling arbitration is not an ultimate disposition of the case because both Local 89's alternative theory breach of contract claim and Kroger's secondary boycott counterclaim remain pending. Local 89's breach of contract claim will be decided by arbitration. The Court retains jurisdiction over the breach of contract claim only to the extent that the arbitration decision need be confirmed. "[I]f all the judge is retaining jurisdiction for is to allow the arbitrator's award to be confirmed without need for the filing of a separate lawsuit, the order to arbitrate is final . . . and therefore immediately appealable." *Am. Intern. Specialty Lines Ins. Co. v. Elec. Data Sys. Corp.*, 347 F.3d 665, 668 (7th Cir. 2003). The fact that Kroger's secondary boycott claim remains outstanding has no impact on the finality

determination. *Reiter v. Cooper*, 507 U.S. 258, 265 (1993) ("Federal Rule of Civil Procedure 54(b) permits a district court to enter separate final judgment on any claim or counterclaim"). Because all of Local 89's claims were disposed of by the Court's March 27, 2009 Memorandum Opinion and Order, the Court finds that the final judgment requirement of Rule 54(b) is satisfied.

## II.   Just Reason for Delay

A just reason for delay is determined by striking a balance between "the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Gencorp*, 23 F.3d at 1027 (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §2654 (1983)). Proper consideration must be given to the "judicial administrate interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 7. The Sixth Circuit provides a nonexhaustive list of factors that a court should consider when making this determination. *Gencorp*, 23 F.3d at 1030. They are:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Gencorp*, 23 F.3d at 1030 (citing *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)).

In arguing against Rule 54(b) certification, Local 89 emphasizes that its breach of contract claim remains pending. However, as the Court has explained, Local 89's breach of

contract claim is an alternative theory of liability.[1]  It will only be adjudicated in the event that the appellate court reverses the Court's order compelling arbitration.  The breach of contract claim arises from of the same operative facts as the arbitration.  Thus, it is part of the claim for arbitration.  *See Gen. Acquisition*, 23 F.3d at 1028 ("'[e]ven though different theories of liability may have been asserted, the concept of a "claim" under Rule 54(b) denotes "the aggregate of operative facts which give rise to a right enforceable in the courts"'") (internal citations omitted).  To argue, as Local 89 does, that its breach of contract claim remains unadjudicated, and therefore creates a just reason for delay, is disingenuous because the breach of contract claim will be moot upon the completion of arbitration.  Furthermore, an interlocutory appeal of the arbitration issue would not leave the breach of contract claim pending in the district court because the breach of contract claim would only be litigated if the appellate court reversed the Court's order to compel arbitration.  This is not the same as staying the breach of contract claim, as Local 89 argues, because the breach of contract claim may never be litigated.

The relationship between the adjudicated claim for arbitration and the unadjudicated claim of violations of the secondary boycott law is not substantial.  The secondary boycott claim will likely consider some of the same evidence as the arbitration matter, but this shared evidence does not make the individual claims any more related, as Local 89 suggests.  Substantively, the two claims are quite distinct.  Future developments in the litigation of the secondary boycott claim will not moot the arbitration appeal, nor will it impact Local 89's breach of contract claim should the appellate court reverse the Court's order compelling arbitration.  Furthermore, the

---

[1] Local 89's Amended Complaint requests the following relief: "Enter judgment ordering the Defendant Local 89's grievances, including participate in joint committee proceedings and arbitration, if necessary; *or in the alternative*, award Teamsters Local 89 damages for the Defendant's breach of contract." (emphasis added).

appellate court will not be obligated to consider the arbitration issue a second time because the only possible appeals would be the secondary boycott claim and the breach of contract claim.

The most compelling justification for delay is judicial economy. There is a real possibility that if Rule 54(b) certification is granted, then the appellate court may have to consider three separate appeals: (1) the interlocutory appeal of the order to compel arbitration; (2) an appeal of the secondary boycott determination; and (3) if the appellate court reverses the Court's order to compel arbitration, an appeal of the breach of contract determination. While not exactly piecemeal litigation in the sense that the claims would substantively differ, it would be more convenient to consider at least the first two appeals as a single appeal. The strongest counter to the judicial economy argument is the hypothetical nature of trying to guess the outcome of the appellate court's review. The heart of this matter rests in the arbitration determination. The parties may feel differently about their secondary boycott and breach of contract claims depending on the outcome of the appellate court's decision in that regard. This reason, in addition to those articulated above, compel the Court to find in favor of Rule 54(b) certification. The parties may wish to stay the litigation of the secondary boycott claim pending appellate review of the order to compel arbitration.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Entry of Partial Judgment Under Rule 54(b) is **GRANTED**.